UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEBORAH MULCAHEY,

        Plaintiff,

v.

CHOCOLAY TOWNSHIP, MICHIGAN, et al.,

        Defendants.

_____/

Case No. 2:24-cv-7

Hon. Robert J. Jonker
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

This Report and Recommendation (R. & R.) addresses the following:

- Plaintiff Mulcahey's motion for leave to amend her complaint (ECF No. 21), and

- the parties' responses (ECF Nos. 19, 23, 25) to the Court's Order (ECF No. 16) requiring additional briefing on whether the Court should dismiss Plaintiff's state law claims (Counts 3, 5 and 6) and/or her federal section 1983 civil conspiracy claim (Count 4), and

Plaintiff in this matter, Deborah Mulcahey, a resident of Chocolay Township, Michigan, filed suit on January 16, 2024. (ECF No. 1.)  In general terms, her lawsuit alleges that her neighbor as well as township and law enforcement officials conspired to violate her rights, and actually did violate her rights, by filing falsified criminal charges against her, which resulted in her arrest and subsequent release on bond.

1

Plaintiff claims these actions violated her rights under the U.S. Constitution as well as laws of the State of Michigan.

The defendants named in the original complaint are:

- Chocolay Township, Michigan,
- Elizabeth Hillstrom, a resident of Chocolay Township and also Plaintiff's neighbor,
- Scott Jennings, who was the Chief of Police for Chocolay Township Police Department,
- Police Officer Nicholas Jennings of the Chocolay Township Police Department,
- Dale Throenle, the Chocolay Township Planning and Zoning Administrator, and
- William DeGroot, the Chocolay Township Manager.

(*Id.*)

In an Order dated March 27, 2024 (ECF No. 16), the Court observed that only three of the eight counts (Counts 1, 2 and 4) asserted federal causes of action. The Court ordered the parties to submit supplemental briefs on whether the Court should exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims. In addition, the Court notified the parties of its intent to dismiss the Section 1983 civil conspiracy count (Count 4) because "Plaintiff's allegations of conspiracy are conclusory and speculative with respect to the agreement between the Defendants."

2

(ECF No. 1, PageID.16.) The Court invited briefing on these matters and also noted that Plaintiff could amend her complaint.

Plaintiff has provided the supplemental briefing and also moved to amend her complaint. (ECF Nos. 19, 21.) The Defendants have also provided the requested briefing and responded to Plaintiff's motion to amend. (ECF Nos. 22, 23, 24, 25.)

The undersigned makes the following recommendations:

- grant Plaintiff's motion for leave to amend her complaint (ECF No. 21),
- dismiss Count 4 of the proposed amended complaint with prejudice, and
- based on the current posture of the case, continue to exercise supplemental jurisdiction over Plaintiff's State Law claims.

**II. Motion for Leave to Amend Complaint (ECF No. 21)**

In its Order dated Mar. 27, 2024 (ECF No. 16), the Court advised the parties that it was considering a *sua sponte* dismissal of the section 1983 civil conspiracy claim (Count 4). (*Id.*, PageID.107.) The Order outlined the procedure to be followed in the event the district court wished to dismiss a case or a count *sua sponte*. One of the steps is to give the plaintiff the opportunity to move to amend the complaint. (*Id.*, (citing *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983).) Plaintiff did just that, moving to amend on April 10, 2024. The proposed amended complaint (ECF No. 21-1) does not add defendants, nor does it add counts. The proposed amended complaint adds factual allegations to the General Allegations section as well as to Count 4.

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleadings at this stage of the proceedings only after obtaining leave of court. The Rule provides that the court should freely give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

In this case, the Court offered Plaintiff the opportunity to move for leave to amend her complaint as a way to address deficiencies identified in its Order (ECF No. 16). The changes in the proposed amended complaint are not expansive. Plaintiff adds some factual allegations but most of the complaint remains unchanged. Defendants have neither argued nor shown that the proposed amendment would cause undue delay or that it would be prejudicial to them. Defendants argue, in essence, that the amendment is futile because it fails to address the deficiencies identified by the court in ECF No. 16. (ECF Nos. 22, 24.) The undersigned concludes that the best course of action here is to grant Plaintiff's motion to amend and then consider whether the amended complaint addresses the court's concerns with regard to Count 4.

Accordingly, the undersigned respectfully recommends that the Court grant Plaintiff's motion for leave to amend her complaint. (ECF No. 21.)

### III.   Analysis of Count 4 in the Proposed Amended Complaint

In ECF No. 16, the Court explained its concerns with the civil conspiracy claim:

> A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Hensley*, 693 F.3d at 695; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 565 (2007) (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

> Plaintiff's allegations of conspiracy are conclusory and speculative with respect to the agreement between the Defendants. Her allegations, even viewed in the light most favorable to Plaintiff, describe a number of discrete facts that occurred over a period of time involving numerous individuals. Plaintiff has provided no allegations of any agreement between them. The Supreme Court has recognized that although parallel conduct may be consistent with an unlawful agreement, it is insufficient to state a claim where that conduct "was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed . . . behavior." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (citing *Twombly*, 550 U.S. at 567). Accordingly, because Plaintiff does not allege facts to show an agreement among Defendants, and, instead, alleges that on various occasions, Defendants took discrete actions against her, Plaintiff appears to fail to state a plausible claim of conspiracy against Defendants.

(ECF No. 16, PageID.15-16.)

In the opinion of the undersigned, the proposed amended complaint fails to rectify the Court's initial concerns. The proposed amended complaint adds substantive factual allegations to a number of different paragraphs in the General Allegations section – *see* paragraphs 29, 24, 25 and 33-43. (ECF No. 21-1, PageID.143-48.) And the proposed amended complaint adds substantive factual allegations to Count 4. (*Id.*, PageID.152-53.) But the Plaintiff's assertion regarding the agreement portion of the conspiracy remains the same. Those assertions are set forth in paragraphs 69 and 70 of the original complaint (ECF No. 1, PageID.10-11) and paragraphs 72 and 73 of the proposed amended complaint (ECF No. 21-1, PageID.152-53).

As noted above, Plaintiff must show the existence of a single plan and that the alleged coconspirators shared in the general conspiratorial objective to deprive the plaintiff of her federal rights. And these assertions must be made with particularity. Here, Plaintiff has failed to do so. The proposed amended complaint outlines a number of putative overt acts, but simply does not set forth the particulars *of the agreement*, i.e. when it was made, by whom, and perhaps most importantly, *why*. The undersigned could speculate as to why: perhaps to prevent Plaintiff from participating in township public proceedings. That speculative goal triggers yet more questions though: why would Defendant Hillstrom or the Chocolay police officers even care about this point? Plaintiff does not offer allegations to answer those questions.

As to Count 4, the undersigned concludes that Plaintiff has not asserted facts that push her civil conspiracy from *possible* to *plausible*. Accordingly, the undersigned respectfully recommends that the Court exercise its authority to *sua sponte* dismiss Count 4 with prejudice.

**IV. Supplement Jurisdiction Over State Law Claims**

This Court has jurisdiction over the claims raising federal questions, specifically, Counts 1, 2 and 4, and possibly Count 8. 28 U.S.C. § 1331. The Court also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, the Court may decline to exercise supplemental jurisdiction if:

7

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

In Count 1 of the proposed amended complaint, Plaintiff asserts, pursuant to 42 U.S.C. § 1983, that all Defendants except Hillstrom violated her rights under the Fourth and Fourteenth Amendments of the U.S. Constitution to be free from unreasonable searches and seizures as well as deprivations of liberty and property without due process of law. Count 2, which is also a Section 1983 claim, asserts that Chocolay Township only violated Plaintiff's Fifth and Fourteenth Amendment rights by failing to prevent unconstitutional conduct by its officers, having a pattern or practice of failing to discipline its officers, tacitly approving various unwritten customs and practices, failing to train its officers, failing to property investigate alleged crimes, failing to take adequate precautions in its hiring practices. Count 4, as previously mentioned, is the civil conspiracy claim under Section 1983. And Count 8, asserts malicious prosecution in violation of the Fourth Amendment.

The State Law claims are set forth in the proposed amended complaint are the following:

8

- Count 3: a gross negligence claim against all Defendants based on Defendants' alleged failure to investigate and to provide exculpatory facts, and falsely arresting and imprisoning Plaintiff;

- Count 5: a false arrest and imprisonment claim against all Defendants except Hillstrom;

- Count 6: an intentional infliction of emotional distress claim against all Defendants; and

- Count 7: a malicious prosecution claim against all Defendants except Hillstrom, brought under Michigan law.

At this point in the litigation, the undersigned is unable to conclude that the State Law claims fall into one of the exemptions from supplemental jurisdiction listed in 28 U.S.C. § 1367(c). The federal and State Law claims share a common nucleus of facts. In addition, the Court is unable to say that the State Law claims will substantially predominate.

Accordingly, the undersigned respectfully recommends that the Court continue to exercise its supplemental jurisdiction over these claims. However, if the Court dismisses one or more of the federal causes of action when ruling on the motion for judgment on the pleadings (ECF No. 28), then the Court may revisit its supplemental jurisdiction over the State Law claims.

## V. Conclusion

The undersigned respectfully makes the following recommendations:

- grant Plaintiff's motion for leave to amend her complaint (ECF No. 21),

- dismiss Count 4 of the proposed amended complaint with prejudice, and

- based on the current posture of the case, continue to exercise supplemental jurisdiction over Plaintiff's State Law claims.

If the Court adopts these recommendations, the Court's Order staying discovery (ECF No. 36) will remain in effect pending resolution of the Township Defendants' motion for judgment on the pleadings (ECF No. 28).

Dated: October 1, 2024                    /s/ *Maarten Vermaat*
                                          MAARTEN VERMAAT
                                          U. S. MAGISTRATE JUDGE

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).