UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEBORAH MULCAHEY,

    Plaintiff,

v.

CHOCOLAY TOWNSHIP, MICHIGAN, et al.,
MICHIGAN,

    Defendants.
_____/

CASE No. 2:24-CV-7

HON. ROBERT J. JONKER

## ORDER REGARDING REPORT AND RECOMMENDATION & DECLINING THE EXERCISE OF SUPPLEMENTAL JURISDICTION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation (ECF No. 44) and Plaintiff's Objection to the Report and Recommendation (ECF No. 50). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections.

The Magistrate Judge makes two recommendations. First, the Magistrate Judge recommends the Court grant Plaintiff's motion to amend her complaint (ECF No. 21) with the caveat that the Court dismiss Count 4 of the proposed pleading—a civil conspiracy claim—on the basis that Plaintiff fails to state a *Twombly* plausible conspiracy claim. Second, the Magistrate Judge recommends the Court retain supplemental jurisdiction over the state law claims in the proposed pleading. After its de novo review, the Court agrees with the Magistrate Judge's first recommendation. As to the second, the Court respectfully disagrees with the Magistrate Judge that the Court should retain supplemental jurisdiction over the state law claims and dismisses those claims without prejudice.

1. *Civil Conspiracy Claim*

The essence of Plaintiff's Section 1983 conspiracy claim is that all Defendants conspired to deprive her of her federal civil rights because she participated in local government. The Magistrate Judge concluded that Plaintiff offered nothing beyond conclusory and speculative allegations to support her claim that Defendants plotted to violated her civil rights or, as the Magistrate aptly put it, "[t]he proposed amended complaint outlines a number of putative overt acts, but simply does not set forth the particulars *of the agreement*, i.e., when it was made, by whom, and perhaps most importantly, *why*." (ECF No. 44, PageID.321). It is this aspect of the Report and Recommendation that Plaintiff objects to. After de novo review, the Court concludes the Magistrate Judge's report and recommendation here is factually sound and legally correct. The Court agrees that Count Four must be dismissed, for the very reasons recited by the Magistrate Judge.

"A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985). So to succeed on a § 1983 conspiracy claim, Plaintiff must show the existence of a single plan; that Defendants shared in the general conspiratorial objective to deprive Plaintiff of a federal right; and that she was injured by an overt action committed in furtherance of the conspiracy. *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Here, as the Magistrate Judge properly found, even taking the allegations in the First Amended Complaint as true—as the Court must at the pleadings stage—the most they establish is that several different Defendants subjected Plaintiff to objectionable conduct over a period of time. But multiple instances of objectionable conduct do not mean that Defendants agreed to discriminate against Plaintiff because she is politically active, and reaching that conclusion requires the Court to draw far too many speculative inferences than the plausibility pleading standard permits. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("It makes sense to say, therefore, that an allegation of parallel conduct and a bare assertion of conspiracy will not suffice.").

In particular, the revised pleading fails to fill the gap of motive. There is nothing plausibly pled that would link the complaining neighbor—Defendant Hillstrom—to the other defendants. Nothing pled suggests that Defendant Hillstrom had anything other than a bona fide gripe with her neighbor. At most, one could infer the government defendants were happy for an outside citizen complaint to justify their own allegedly retaliatory measures. But the alleged wrongdoing of the government defendants is fully addressed in the other substantive federal claims against them. There is no *Twombly* plausible conspiracy link to defendant Hillstrom to whatever pre-existing motives or plan the government defendants allegedly had. The letter on March 29, 2021, simply underscores Defendant Hillstrom's status as a private citizen wanting to protect her

own interest by exercising her own rights. There is no basis, on this record, to drag this individual into litigation over alleged public official misconduct just because that citizen chose to exercise her own First Amendment rights.

Accordingly, because Plaintiff's § 1983 conspiracy claim relies entirely on vague and disjointed allegations, the Court dismisses Count 4 for failure to state a claim. This has the effect of eliminating Defendant Hillstrom from the only federal claim against her in the case, leaving the other federal claims against the represented government defendants intact.

　　2. *Supplemental Jurisdiction*

Counts Three, Five, Six, and Seven, are state law claims. Supplemental jurisdiction under 28 U.S.C. § 1367 is the only basis for subject matter jurisdiction over these claims. The Magistrate Judge asked the parties to brief their respective positions on whether the Court ought to retain subject matter jurisdiction over these claims (ECF No. 16) and both sides briefed their positions. The Magistrate Judge recommends the Court retain jurisdiction over these claims, at least at this juncture. After de novo review of the parties' briefs, the Court determines there is no need to wait and decides to decline supplemental jurisdiction over these claims.

Plaintiff argues the Court should retain supplemental jurisdiction because the federal and state claims arise out of the same common nucleus of operative fact and, she believes, none of the criteria for declining the exercise of supplemental jurisdiction in 28 U.S.C. § 1367(c) are met. (ECF No. 19). The Township Defendants agree with Plaintiff that the Court should retain supplemental jurisdiction. (ECF No. 23). Defendant Hillstrom—who is proceeding pro se— has filed a brief that argues the Court should decline the exercise of supplemental jurisdiction. (ECF No. 25). In the Court's view, the factual overlap is insufficient to retain jurisdiction over these claims. The Court routinely declines supplemental jurisdiction over State law claims in

4

federal civil rights cases, and it will do so here as well. In addition to diverting time and attention from the federal civil rights at stake, Plaintiff's state law claims also put the federal Court in the position of evaluating state claims against individuals associated with state and local governmental operations. Those matters are best addressed by state—not federal—courts. Finally, by declining supplemental jurisdiction over state law claims, the Court eliminates the only unrepresented party from the case entirely.

    3. *Motion for Judgment on the Pleadings*

The record reflects a pending motion for judgment on the pleadings filed by the township defendants. (ECF No. 28). While fully briefed, the motion is targeted towards the original complaint and so it is now moot given the amended pleading. The parties' arguments with respect to the remaining claims in the First Amended Complaint may, or may not, have changed. Regardless, the filing of the amended complaint rendered defendants' motion to dismiss the original complaint is no longer operative. "Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476, pp. 636-38 (2010). "It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). "Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot." *Glass v. The Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008). The defendants may answer or move with respect to the amended pleading as provided by rule.

5

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 44) is **APPROVED AND ADOPTED** as the opinion of the Court to the extent specified in this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (ECF No. 21) is **GRANTED.** The Clerk of Court shall file the proposed First Amended Complaint. (ECF No. 21-1)

**IT IS FURTHER ORDERED** that Count Four of the First Amended Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that the Court **DECLINES** supplemental jurisdiction over Plaintiff's state law claims. Counts Three, Five, Six, and Seven of the First Amended Complaint are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Motion for Judgment on the Pleadings (ECF No. 28) is **DISMISSED AS MOOT.**

**IT IS FURTHER ORDERED** that all claims against Defendant Hillstrom having been dismissed, Defendant Hillstrom is **DISMISSED** as a defendant in this matter.

**IT IS SO ORDERED.**


Dated:   October 29, 2024              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE