UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEBORAH MULCAHEY,

    Plaintiff,

v.

    CASE No. 2:24-CV-7

CHOCOLAY TOWNSHIP, et al.,

    HON. ROBERT J. JONKER

    Defendants.

_____/

# ORDER REGARDING REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action (ECF No. 61) and Defendants' Objection to it. (ECF No. 62). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Defendants' objections.

The Magistrate Judge recommends granting in part the defense motion to dismiss. (ECF No. 53). In particular, the Magistrate Judge recommends dismissing all the remaining defendants and claims except for the claims in Counts One and Eight against Defendants Jennings and Carter. Plaintiff has not objected to the dismissal of the other claims and defendants. Accordingly, the Court adopts this aspect of the Report and Recommendation. Defendants Jennings and Carter do object to the Magistrate Judge's recommendation that the motion be denied as to the claims against them. For the reasons set out below, the Court determines that these defendants are entitled to qualified immunity. Accordingly, the Court grants the defense motion in its entirety.

The Court agrees with the Magistrate Judge's framing that the remaining claims against Defendants Jennings and Carter coalesce into false arrest and malicious prosecution claims under the Fourth Amendment. Both Fourth Amendment claims, furthermore, require a plaintiff to demonstrate the absence of probable cause. *See Robertson v. Lucas*, 753 F.3d 606, 618 (6th Cir. 2014) ("To state a Fourth Amendment false arrest claim, a plaintiff must 'prove that the arresting officer lacked probable cause to arrest the plaintiff.'") (quoting *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005)); *Sykes v. Anderson*, 625 F.3d at 308-09 (noting that a plaintiff asserting a malicious prosecution claim must establish four elements, including the "lack of probable cause for the criminal prosecution" and that the "criminal proceeding . . . resolved in [his] favor.").

The Report and Recommendation—following the focus of the parties in the briefing—looked to the alleged record (or the lack thereof) before the state magistrate judge who authorized the criminal complaint against the plaintiff. Under this framing, the Magistrate Judge determined that discovery would be necessary before it could be determined whether there was probable cause to support Plaintiff's prosecution. In their objections, the defendants argue that qualified

immunity requires the Court to look at the Amended Complaint's allegations against them, not the record that was before the state judge. Defendants' motion could certainly have been clearer in making this point to the Magistrate Judge in the first instance, however the Court is nonetheless satisfied that Defendants Jennings and Carter are entitled to qualified immunity on Plaintiff's Fourth Amendment claims.

When it comes to qualified immunity, an officer making an arrest based on a facially valid warrant has a "complete defense" by way of qualified immunity. *See Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010); *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005). "To overcome an officer's entitled to qualified immunity . . . a plaintiff must establish: (1) a substantial showing that the defendant stated a deliberate falsehood or showed reckless disregard for the truth and (2) that the allegedly false or omitted information was material to the finding of probable cause." *Vakilian v. Shaw*, 335 F.3d 509, 517 (6th Cir. 2003).

Under this framework, Plaintiff fails to allege any facts that would show Defendant Carter made a deliberate falsehood or showed a reckless disregard for the truth. The only allegations against him are that he signed the criminal complaint without personally investigating, which Plaintiff alleges constitutes gross negligence. Defendant Carter signed the Complaint under a sentence stating that the contents of the complaint were true "to the best of my information, knowledge, and belief." (ECF No. 28-3, PageID.215). Plaintiff fails to allege facts that would demonstrate that Defendant Carter deliberately or recklessly attempted to mislead the state judge solely by signing the complaint. Even if he acted negligently in doing so, negligence is not enough to defeat qualified immunity here. *See Meeks v. City of Detroit*, 727 F. App'x 171, 179 (6th Cir. 2018).

Likewise, Plaintiff fails to allege any facts that would overcome qualified immunity with respect to Defendant Jennings. The Amended Complaint alleges that Defendant Jennings prepared a police report that "rubber stamped" the complaints made by Plaintiff's neighbor. Plaintiff alleges that Defendant Jennings never contacted Plaintiff before preparing his report because he did not believe that the neighbor's complaint would "go anywhere." She further alleges that the defendant's failure to investigate before preparing his report was grossly negligent and reckless. These allegations, however, fail to raise a *Twombly* plausible claim that Defendant Jennings deliberately or recklessly attempted to mislead anybody when he simply reported what he was told by the neighbor. Plaintiff does not allege that the officer twisted or misstated what he had been told by the neighbor. *See Cummings v. Flint Police Department*, 735 F. Supp. 3d 810, 819 (E.D. Mich. 2024) (Lawson, J). The essence of Plaintiff's argument is that Defendant Jennings needed to do more than accept the neighbor's report and that the officer should have spoken to Plaintiff and independently verified the truthfulness of the neighbor's allegations. To be sure, "when determining whether probable cause exists to arrest an individual, officers cannot simply turn a blind eye to exculpatory evidence or ignore information which becomes available in the course of routine investigations." *Rayfield v. City of Grand Rapids*, 768 F. App'x 495, 505-06 (6th Cir. 2019) (internal quotation marks and citation omitted). Put differently, this does not mean "officers may make hasty, unsubstantiated arrests with impunity." *Ahlers v. Schebil*, 188 F.3d 365, 371 (6th Cir. 1999). But in these cases, officers "had knowledge of some evidence which was inculpatory and other evidence which was exculpatory, yet without conducting further investigation, simply concluded probable cause did exist." *Id.* at 371–72 (discussing cases). Plaintiff does not allege anything of the sort here. At bottom, a "plaintiff's allegations that the defendants took [the complainant's] narrative at face value notwithstanding the plaintiff's denial

4

of any criminal wrongdoing and that they declined to 'further investigate' the case to discover evidence favorable to [the plaintiff], are insufficient as a matter of law to establish any viable constitutional claim for prosecution without probable cause." *Cummings*, 735 F. Supp. 3d at 819. For these reasons, the Court is satisfied that that Defendants Jennings and Carter are entitled to qualified immunity with respect to Plaintiff's claims against them.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 61) is **APPROVED AND ADOPTED** as the opinion of the Court to the extent specified above.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 53) is **GRANTED.**

This case is **CLOSED.** A separate Judgment shall issue.


Dated:   February 27, 2025           /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE